IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GERALD SHERMAN,  CV. 08-438-MA

        Petitioner,  ORDER
  v.

J.E. THOMAS,

        Respondent.

MARSH, Judge

Petitioner Gerald Sherman, an inmate in the custody of the Bureau of Prisons (BOP), brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' (BOP's) refusal to transfer him to a residential reentry center (RRC) for the remainder of his sentence. For the reasons that follow, petitioner's habeas corpus petition is DENIED, and this proceeding is DISMISSED.

## BACKGROUND

Petitioner is serving an 84-month term of imprisonment for Wire Fraud, Mail Fraud and Securities Fraud, to be followed by

1 - ORDER

three years supervised release, and currently is housed at the Federal Prison Camp at Sheridan, Oregon. Petitioner's good time projected release date is July 2, 2013. Petitioner seeks placement in an RRC for the remainder of his prison term.

Petitioner is one of seventeen FCI Sheridan inmates who has challenged the BOP's policies for determining when an inmate will be designated for placement in an RRC following the Second Chance Act, Pub. Law 110-199, § 231, 122 Stat. 657 (April 9, 2008)(SCA). This court has issued decisions in three related cases: Pierce v. Thomas, No. 08-705-MA, 2009 WL 1925469 (D. Or. July 1, 2009), adhered to on recon., 2009 WL 2476606 (D. Or. Aug. 10, 2009), Sacora v. Thomas, No. 08-578-MA, D. Or., June 16, 2010 (Opinion and Order #57), and Sass v. Thomas, No. 08-300, 2009 WL 2230759 (D. Or. July 23, 2009). Notably, in Sacora, after certifying a class of Sheridan inmates, I concluded that the BOP's policies were reasonable interpretations of 28 U.S.C. §§ 3621(b) and 3624(c), and that the BOP's actions were not arbitrary and capricious under § 706 of the Administrative Procedure Act. Sacora, slip op. at 13-16, 30-33.

On August 3, 2010, I entered an order to stay petitioner's case pending resolution of Sacora, Pierce, and Sass on appeal to the Ninth Circuit. The Ninth Circuit has now affirmed these cases. Sacora v. Thomas, 628 F.3d 1059 (9th Cir. 2010); Pierce v. Thomas, No. 09-35781, 400 Fed. Appx. 259 (9th Cir. 2010); Sass v. Thomas,

2 - ORDER

No. 09-35830, 2010 WL 5034102 (9th Cir. Dec. 8, 2010). On March 10, 2011, I vacated the stay and ordered petitioner to show cause why this case is not controlled by Sacora. The parties have submitted the requested briefing.

## DISCUSSION

Petitioner admits that this action is controlled by Sacora. However, petitioner requests that the court continue to stay this action pending the outcome of a petition for writ of certiorari because the Sacora decision is not yet final pursuant to Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

While the time for pursuing a petition for writ of certiorari has not yet elapsed for the petitioners in Sacora, the court can discern no convincing reason to continue to stay this case and further delay resolution of petitioner's case. In the event that the United States Supreme Court grants a petition for writ of certiorari in Sacora, and in fact overturns that decision, petitioner would not be prevented from pursuing a new § 2241 action based upon then current facts. Accordingly, based on the reasoning in Sacora, petitioner's request for habeas corpus relief is denied.

////
////
////
////
////

3 - ORDER

## CONCLUSION

Based on the foregoing, petitioner's petition for writ of habeas corpus (#1) is DENIED, and this proceeding is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this _11_ day of APRIL, 2011.

                                          __/s/ Malcolm F. Marsh_____
                                          Malcolm F. Marsh
                                          United States District Judge

4 - ORDER